# UNITED STATES DISTRICT COURT
## FOR THE DISTICT OF COLUMBIA

**ADITYA SANJAY KHANDKAR,**

1309 Louisa Lane,
Apt. 1309,
Mechanicsburg, PA 17050

Plaintiff,

against

**DEPARTMENT OF HOMELAND SECURITY**

Washington, D.C. 20528

Defendant.

Case No.:

COMPLAINT

1. This complaint is brought by plaintiff, Aditya Sanjay Khandkar,  against

   defendant, Department Of Homeland Security (DHS), for judicial review under

   the Administrative Procedure Act of DHS's decision in File No.

   EAC1790131525, dated April 27, 2018,  denying plaintiff's application for

   change of nonimmigrant status to F-1 nonimmigrant student status.

2. As will be shown, this application was denied for a reason that is directly

   contrary to the plain language of the relevant regulations and also for actions

   not taken by the plaintiff, but by the Designated School Officer of the school he

   wished to attend, at the instructions of the Department of Homeland Security.

3. This being a civil action against the United States arising under the

   Immigration and Nationality Act, 8 U.S.C. § 1101 et. seq., and the

   Administrative Procedure Act, 5 U.S.C. § 701 et seq., both laws of the United

   States, original jurisdiction over this matter is vested in this Court by 28 U.S.C.

   § 1331.

4. Aditya Sanjay Khandkar is a citizen and resident of India, now temporarily

   present in Mechanicsburg, Pennsylvania.

5. The DHS is a department of the United States government residing in the

   District of Columbia.

6. Further a substantial part of the events or omissions giving rise to the claim

contained herein  occurred within the District of Columbia, as this action arises out of a decision apparently made at a national level within the central headquarters of the DHS , that is the policy of disregarding the plain language of DHS regulations in adjudicating applications for change of nonimmigrant status to F-1.

7. Therefore venue is properly vested in this Court by 28 U.S.C. § 1391(e)(1)(A)  and (B).

## STATEMENT OF RELEVANT FACTS

8. On June 21, 2017 Aditya Sanjay Khandkar was lawfully present in the United States as the child of an H-1B nonimmigrant  (that is, as an H-4 nonimmigrant) with authorization to remain until January 28, 2018.

9. On that date he filed an application for change of nonimmigrant status to F-1 with the DHS.

10. This application was supported in material part by a Form I-20, "Certificate of Eligibility for Nonimmigrant F-1 Student Status", issued by The Pennsylvania State University, indicating that Aditya Sanjay Khandkar had been admitted to study at that institution with a "program start date" of August 21, 2017.

11. However, when DHS failed to adjudicate Mr. Khandkar's application by August 21, 2017, then, upon information and belief, the Designated Student

Officer of The Pennsylvania State University was required by the operation

of the DHS controlled **Student and Exchange Visitor Information System**

**(SEVIS)** to either change Mr. Khandkar's program start date in SEVIS to a

future date, or, upon information and belief, the SEVIS program would itself

automatically terminate Mr. Khandkar's registration in SEVIS.

12. Upon information and belief the DHS will deny an application for change of

nonimmigrant status to F-1 when the applicant's SEVIS registration has been

terminated.

13. On April 27,  2018 the DHS issued a decision denying this application

because

> (a)ccording to the Student and Exchange Visitor Information (SEVIS), the Certificate of Eligibility for Nonimmigrant F-1 Student Status (Form I-20) that you submitted lists your program start date as May 1, 2018. Which is more than thirty days before the report date or program start date. A search of the DHS databases does not reveal any  other application or petition filed by you, or on your behalf, that would extend your previously accorded status to within 30 days of the anticipated start date of your classes. DHS may not grant a request for a change of nonimmigrant status to that of an F1 student that is effective more than thirty (30) days before your report date or program start date listed on your Form I-20. Because you filed this change of status request before the expiration of your initial period of authorized stay, this application is considered timely filed. However, your initial period of authorized stay expires on January 28,2018, more than  thirty days before your report date or the start of your student program. As such, these additional days are in excess of the statutorily required period and result in your failing to maintain a valid nonimmigrant status, as required.

14.   8 C.F.R. §  214.2(f)(5) states, in pertinent part:

General . . . An F-1 student may be admitted for a period up to 30 days before the indicated report date or program start date listed on Form 1-20 . . .

## COUNT I

### THE DECISION WAS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE AND WAS PREMISED UPON FACTUAL ERROR

15. U.S.C. § 706  provides in relevant part that:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall--
> **…**
> - (**2**)  hold unlawful and set aside agency action, findings, and conclusions found to be--
>   o        (**A**)  arbitrary, capricious, an abuse of discretion, or  otherwise not in accordance with law;

16. Contrary to the DHS's decision,  the Certificate of Eligibility for Nonimmigrant F-1 Student Status (Form I-20) that Mr. Khandkar submitted to the DHS lists his program start date as August 21, 2017.

17. Therefore, the DHS's decision denying Mr. Khandkar's  application on  the grounds that the Certificate of Eligibility for Nonimmigrant F-1 Student Status (Form I-20) that Mr. Khandkar submitted lists his program start date as May 1, 2018 is  unsupported by substantial (or any) evidence and so is arbitrary and capricious. *Assn of Data Processing Serv. Orgs., Inc. v. Bd. of Governors of Fed.*

*Reserve Sys.,* 745 F.2d 677, 683-84 (D.C.Cir.1984)) (Scalia, J.) (decision

unsupported by substantial evidence is arbitrary and capricious).

18. Further, inasmuch as the DHS's claim that "the Certificate of Eligibility for

Nonimmigrant F-1 Student Status (Form I-20) that you (Mr. Khandkar)

submitted lists your program start date as May 1, 2018" is an indisputable factual

error, it constitutes an error of law as well. *See, e.g., Xiao Ji Chen v. United States DOJ,*

471 F.3d 315, 329 (2d Cir. 2006), *Almuhtaseb v. Gonzales,* 453 F.3d 743, 748 (6th Cir. 2006), *Ramadan*

*v. Gonzales,* 479 F.3d 646 (9th Cir. 2007) (per curiam).


WHEREFORE the plaintiff request that this Court find that the DHS's decision

in File No. EAC1790131525, dated April 27, 2018, to be unlawful, and set it

aside, as arbitrary and capricious and not in accordance with law, and direct the

DHS to issue a new decision in accordance with its applicable regulations and

other law.


## COUNT II

## CHANGE OF POLICY WITHOUT RATIONAL EXPLANATION


19. DHS made what appears to be a department wide decision sometime in the

beginning of 2016 to disregard the plain language of 8 C.F.R. § 214.2(f)(5)(i)

which provides that "(a)n F-1 student  may be admitted  for a period  up  to 30

days before  the indicated report  date or program  start date listed on **Form I-20** ...” and instead misread it to say “(a)n F-1 student  may be admitted  for a period  up to 30 days before  the indicated report  date or program  start date listed **in SEVIS**” (emphasis supplied).

20. The DHS had prior to that time interpreted this regulatory language according to its actual wording since its promulgation on December 11, 2002.

21. For example, pronouncements from both the DHS's Vermont Service Center(VSC) and the California Service Center (CSC) from prior to 2016 confirm that adjudicators would rely on the actual program start date on the Form I-20 when adjudicating an application for change of status to F-1 where the program start date was deferred. The minutes (on DHS letterhead) from the August 20, 2009 VSC stakeholder meeting include the following Question and Answer:

> 25. B. Under SEVP policy, a school is instructed to defer the program start date in SEVIS if it appears the change of status will not be approved before the program start date as originally set. NAFSA would like to confirm that the change of status application remains approvable after subsequent deferrals of the start date in SEVIS pursuant to this SEVP policy, provided the applicant's immigration status at the time of filing was valid to at least 30 days before the program start date on the I-20 initially submitted in support of the application for change of status. Response: If otherwise approvable, a change of status will remain approvable regardless of subsequent deferrals of the program start date provided that the applicant's status at the time of filing was within at least 30 days of the program start date indicated on the initial I-20.

22. In addition, minutes (on DHS letterhead) from the May 6, 2009 CSC stakeholder

meeting state:

21. This is a follow-up item to Question 9 from our General Meeting on February 25, 2009. We asked whether the start date of the course of study as indicated on the Form 1-20 must be on or before the expiration of the current status (i.e. B-2) and CSC responded that the start date of the course should be on or before the expiration of status. The regulations at 8 CFR §214.2(f)(5)(i), defining "duration of status" state "An F-I student may be admitted for a period up to 30 days before the indicated report date or program start date listed on Form1- 20." AILA urges CSC to reconsider its answer, and to conclude that, consistent with the 30- day window provided by 8 CFR §214.2(f)(5)(i), a change of status to F-1 may be approved where the intended start date for the course of studies will commence no more than 30 days after the expiration of the period of authorized stay held by the alien at the time of the filing of the request to change nonimmigrant status. (Emphasis added). Response: If the requested start date is within 30 days of the previous status expiration date, this would not be cause for denial of the application.

23. Finally the American Immigration Lawyers Association (AILA) (the nation's largest association of immigration lawyers) has stated that regarding changes of status to F-1 due solely to changes in the program start date in SEVIS, that:

Prior to the spring of 2016, AILA received no reports from members who had received denials of this nature. After receiving initial reports of denials in spring 2016, AILA posted a "call for case examples" to the general membership. We received more than 100 cases in response, the earliest of which had been denied in February 2016. This response, along with the above minutes, clearly indicates a shift in policy.

24. "The requirement of reasoned decision making . . . implies that an agency may not deviate from its regulations without a reason . . .. A rational person acts consistently, and therefore changes course only if something has changed.". *Capital Area Immigrants' Rights Coal. v. United States DOJ*, 264 F. Supp. 2d 14, 33

(D.D.C. 2003) quoting *Davila-Bardales v. INS*, 27 F.3d 1, 5 (1st Cir. 1994).

24. At no time has the DHS provided a rational explanation for this change of policy.

WHEREFORE this Court should hold unlawful and set aside the DHS's decision

denying plaintiff's change of nonimmigrant status to F-1 on the grounds that it is

arbitrary and capricious.

## COUNT III

## FAILURE TO EXERCISE DISCRETION

25. 8 C.F.R. § 248.1(b) provides that:

> Timely filing and maintenance of status. Except in the case of an alien
> applying to obtain V nonimmigrant status in the United States under §
> 214.15(f) of this chapter, a change of status may not be approved for an alien
> who failed to maintain the previously accorded status or whose status expired
> before the application or petition was filed, except that failure to file before
> the period of previously authorized status expired may be excused in the
> discretion of DHS, and without separate application, where it is demonstrated
> at the time of filing that:
> - (**1**) The failure to file a timely application was due to extraordinary
>   circumstances beyond the control of the applicant or petitioner, and DHS
>   finds the delay commensurate with the circumstances;
> - (**2**) The alien has not otherwise violated his or her nonimmigrant status;
> - (**3**) The alien remains a bona fide nonimmigrant; and
> - (**4**) The alien is not the subject of removal proceedings under 8 CFR part 240.

26. Even if Mr, Khandkar's program start date was May 18, 2018, instead of August

21, 2017,  nevertheless, the DHS had the discretion under 8 C.F.R. § 248.1(b) to

grant plaintiff a change of nonimmigrant status despite his purported failure to

maintain status up to within thirty (30) days of his "program start date".

27. Accordingly, if despite the facts and law set forth above, this Court holds that the plaintiff failed to maintain a lawful nonimmigrant status until within thirty (30) days of the program start date set forth on his Form I-20,  then this Court should remand this matter to DHS to consider, in its discretion, whether plaintiff should be granted a change of status to F-1 and F-2, despite his failure to maintain status until his program start date. *Youseffi v. Renaud*, 794 F. Supp. 2d 585, 594 (D. Md. 2011) ("it is apparent from the language and structure of section 248.1(b) that the Secretary of Homeland Security has discretion, in appropriate cases, to excuse change-of-status applicants who file while their prior status is valid, but subsequently fall out of status. Because this Court only has the authority to address the agency's regulatory interpretations relating to eligibility, the case will be remanded to the DHS for further proceedings consistent with the eligibility principles articulated in this opinion.").

WHEREFORE the plaintiff requests that in the event that this Court does not grant him the relief sought in Counts I  and II of this complaint, that it find that the DHS's decision in this action to be unlawful, and set it aside, as an abuse of discretion, and remand this matter back to the DHS for further proceedings consistent with the eligibility principles articulated in Count III of this complaint and by the court in *Youseffi v. Renaud.*

Respectfully submitted, this 25th day of May,  2017

/s/ *Michael E. Piston*

Michael E. Piston
MI 002
Attorney at Law
225 Broadway,
Suite 307
New York, NY, 10007
Ph: 646-845-9895
Fax: 206-770-6350
Email: michaelpiston4@gmail.com